IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE N. MONDRAGON,**

    **Plaintiff,**

  v.        CASE NO. 10-3159-SAC

**JOHNNIE GODDARD,**
**et al.,**

    **Defendants.**

### O R D E R

  This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas (ECF). In paragraph (2) of the complaint, plaintiff names as defendants Johnnie Goddard, Warden, ECF and Leah Watts, "Mail Room/Clerk or Handler" at ECF. However, in the caption, he names only: "Ellsworth Correctional Facility In General Et. Al." All defendants must be named in the caption of the complaint, and they must be discussed in the rest of the complaint. ECF is not a proper defendant in a civil rights complaint as ECF is a building or institution and not a "person" that can be sued under § 1983. The court will liberally construe the Complaint as naming Goddard, Watts and ECF as defendants in the caption, and plaintiff will be given time to show cause why this action should not be dismissed against ECF.

  Plaintiff claims that defendants are interfering with his mail as punishment and as a result of their prejudice against "inmates with sexual related crimes." He asserts that defendants have deprived him of due process and freedom of speech and are committing "State fraud." As factual support, plaintiff alleges that

defendants are charging him for mail, and saying they sent it, but not allowing its departure. He further alleges that they make excuses for not sending his mail and when he sends mail with his own postage, he never gets a response. He claims that defendants are interfering with his mail to family, to government agencies, and from attorneys. He also alleges that "most sex offenders don't get any mail." He states that he and other inmates have tried to write the Department of Corrections, but he can't get a response.

Plaintiff seeks a permanent injunction, a "restraining order" providing that no one at the facility has authority "to touch our mail" until the "investigation is clear," and money damages for deprivation of due process, interference with his free speech, and state fraud.

Plaintiff states that the day he is sending this Complaint, he is initiating the proper administrative remedies through a form 9 and a grievance that he has copied and sent with this Complaint, and that "it will be appealed." He attaches an "Inmate Request to Staff Member" dated July 29, 2010, in which he seeks "the real reason for charging me for mail not sent." He also attaches a Form 9 grievance, in which he asks mail handlers to "explain the attachment." Two letters are attached. One from Mondragon to the Kansas Bar Association has a notice attached that provides: "FORWARD TIME EXP RTN TO SEND; PAR ELECTRICAL CONTRACTORS PO BOX 8629 TOPEKA KS 66608-0629." The other sent from another inmate to Lawrence W. Williamson has this notice attached: "Return to Sender Insufficient Address Unable to Forward." Plaintiff received a response to his Inmate Request, which he has also sent to the court. The response provides that the mail handlers do not have information regarding

which inmates are sex offenders, and that the envelope returned to Mondragon "was returned from the federal Postal Service," who "put the bar code on the envelopes not ECF mailroom."

**FILING FEE**

Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed without prepayment of fees merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $ 61.12, and the average monthly balance is $ 72.20. The court therefore assesses an initial partial filing fee of $ 14.00, twenty percent of the average monthly balance, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this

action without further notice.

**SCREENING**

Because Mr. Mondragon is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

It is apparent from the materials filed by Mr. Mondragon that he did not fully exhaust administrative remedies on his claims prior to filing this civil action. Prisoners are required by statute to exhaust prison grievance procedures before filing a lawsuit in federal court. See 42 U.S.C. § 1997e(a); Jones v. Bock, ___S.Ct___, 2007 WL 135890, at *3-4 (Jan. 22, 2007). Plaintiff will be given time to show cause why this action should not be dismissed because he did not present the claims raised in his complaint to prison officials at all levels of the established administrative grievance process prior to filing his Complaint.

In addition, plaintiff's allegations contain no dates and except for one attached letter, do not describe any particular pieces of mail, who the mail was sent to, and how he knows that the mail was not sent. The one attached letter that was sent by plaintiff apparently was marked by the postal service as Return to Sender. Plaintiff does not allege facts indicating how defendants might be held responsible for this action. Plaintiff has no standing to raise claims regarding the handling of another inmate's

4

mail.  Furthermore, he must allege facts rather than make mere conclusory statements showing that particular items of mail sent by him were interfered with.  His claim that actions of the defendants have been motivated by a bias against him due to his offense is also completely conclusory.  Because plaintiff is proceeding pro se the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); see Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall, 935 F.2d at 1110.  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997); see also Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 1949-50 (2009)("A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.")(citation omitted).

Plaintiff will be given time to show cause why this action should not be dismissed for failure to exhaust administrative remedies and for failure to allege sufficient facts to state a federal constitutional claim.  If he does not show cause within the allotted time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee

of $ 14.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day time period, plaintiff must show cause why this action should not be dismissed as against ECF as an improper defendant and, in its entirety, for failure to exhaust administrative remedies and for failure to state sufficient facts to support a constitutional claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Damages (Doc. 3) is denied, without prejudice, as superfluous since his request for relief is properly set out in the Complaint.

**IT IS SO ORDERED**.

Dated this 15th day of September, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
